**Michael ARGENTIERI, Plaintiff–Appellant,**

v.

**Rose Ann MAJEROWICZ, Defendant–Appellee,**

Town of Cheektowga, Defendant.

No. 04–5787–cv.

United States Court of Appeals, Second Circuit.

Dec. 1, 2005.

Michael Argentieri, pro se, New York, N.Y., for Plaintiff–Appellant.

Lawrence C. Brown, Law Office of Lawrence C. Brown, Cheektowga, N.Y., for Defendant–Appellee.

PRESENT: CALABRESI, B.D. PARKER, and WESLEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Michael Argentieri brought the present suit, pursuant to 42 U.S.C. § 1983, seeking to "hold ... accountable" defendant-appellee Rose Ann Majerowicz and defendant Town Court of Cheektowaga for allegedly "maliciously" altering the transcript of the sentencing hearing in Argentieri's state court trial on parole violation charges. The district court granted Majerowicz's motion for summary judgment. Argentieri appeals.

We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

Argentieri claims that Majerowicz, the court stenographer at his sentencing in Cheektowga Town Court, produced an altered and forged transcript of the August 14, 1997, proceedings. Specifically, he contends that Majerowicz altered the statements of his attorney, changed the name and statements of the probation officer present at his sentencing, and changed Argentieri's own hearing testimony. This, Argentieri argues, violated his constitutional right to due process because it denied him his right to meaningful access to the courts and to appeal his sentence effectively.

It is well-settled that a criminal defendant's right to a trial transcript is of con-

stitutional dimension. *See Bounds v. Smith,* 430 U.S. 817, 822, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). A defendant has a due process right, *ipso facto,* to a substantially accurate record of sentencing proceedings. *See Curro v. Watson,* 884 F.Supp. 708, 719 (E.D.N.Y. 1995) ("Because effective appellate review would be substantially hampered if the trial transcript were materially in error, it stands to reason, therefore, that this substantive due process right would be meaningless unless it also embraced the right to a reasonably accurate transcript....").

Recognizing the importance of a substantially accurate transcript, the Erie County court ordered a reconstruction hearing on March 9, 1998. At that proceeding, Argentieri's lawyer at the original hearing, the probation officer present at Argentieri's original sentencing, and Argentieri all testified as to their recollections of what was said at that original sentencing. Based on the reconstructed record, the county court judge found that the one-year sentence that had been originally imposed was "entirely appropriate." *People v. Argentieri,* No. 97–APP–163 (Erie County Court, July 20, 1998), at 7.

Argentieri does not challenge the testimony adduced at the reconstruction hearing. Nor did he appeal the county court ruling that the sentence imposed was entirely appropriate. Accordingly, we cannot say that Argentieri was deprived in any way of his access to courts or right to an effective appeal.

We have considered all of Argentieri's remaining arguments and find them to be without merit. The decision of the district court is therefore AFFIRMED.